UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
    CHARLES WILLIAMS,

                        Plaintiff,

            -against-

VIACOM, INC., BET NETWORKS, A&E
TELEVISION NETWORKS, I TUNES
CORPORATE/APPLE COMPUTER, INC.,
NETFLIX CORPORATE, AMAZON
CORPORATE, A. SMITH & CO.
PRODUCTIONS,

                       Defendants.
------------------------------------------------------------ x

Hon. Joanna Seybert

Case No. 2:13-CV-01459
(JS)(ETB)


# MEMORANDUM OF LAW
# IN SUPPORT OF THE MOTION OF
# DEFENDANTS BLACK ENTERTAINMENT NETWORKS, INC.,
# A. SMITH & CO. PROPERTIES, INC. AND APPLE, INC.
# TO DISMISS THE COMPLAINT

**GREENBERG TRAURIG, LLP**
Daniel J. Buzzetta
200 Park Avenue
New York, New York 10166
Telephone: 212-801-9200
*Attorneys for Defendants Black Entertainment Networks, Inc.,*
*A. Smith & Co. Properties and Apple, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

    A.    "Chaz Williams Armed & Dangerous"................................................................... 3

    B.    Williams' Copyright Registration Entries ............................................................. 3

    C.    Williams' Signed Release in Favor of BET and A. Smith .................................... 3

    D.    Service of the Complaint ....................................................................................... 4

ARGUMENT ............................................................................................................................. 4

    A.    Standards of Review ............................................................................................. 4

        1.    Rule 12(b)(5) Standard ............................................................................. 4

        2.    Rule 12(b)(6) Standard ............................................................................. 6

        3.    Rule 12(d) ................................................................................................. 7

    B.    Failure to Sufficiently Serve Defendants .............................................................. 7

    C.    Failure to State a Claim for Copyright Infringement ............................................ 8

        1.    No Ownership of a Valid Copyright ........................................................ 8

        2.    No Claim of Copying ............................................................................... 9

    D.    Failure to State a Claim for Unfair Business Practices, Exploitation, and Harassment ........................................................................................................... 10

    E.    The Release Clearly Exonerates Defendants With Respect to All of Williams' Claims .................................................................................................................. 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. Scholastic Inc.*
   739 F. Supp. 2d 642 (E.D.N.Y. 2011) ................................................................................. 7

*American Dental Ass'n v. Cigna Corp.*
   605 F. 3d 1283 (11th Cir. 2010) ......................................................................................... 5

*Ashcroft v. Iqbal*
   129 S. Ct. 1937 (2009) .................................................................................................. 5, 6

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) .................................................................................................. 5, 6, 8

*Conway v. American Red Cross*
   No. CV 10–1859(SJF)(ARL), 2010 WL 4722279 (E.D.N.Y. Nov. 15, 2010) .................. 7

*Crane v. Poetic Products Limited*
   593 F. Supp. 2d 585 (S.D.N.Y. 2009) ................................................................................ 8

*Demarco v. City of New York*
   No. 08 CV 3055(RRM)(LB), 2010 WL 889266 (E.D.N.Y. Mar. 10, 2010) ..................... 7

*DePasquale v. DePasquale*
   No. 12–CV–2564 (RRM)(MDG) 2013 WL 789209 (E.D.N.Y. Mar. 1, 2013) ................. 4

*Dynergy Midstream Servs. v. Trammochem*
   451 F.3d 89 (2d Cir. 2006) ................................................................................................ 4

*Effie Film, LLC v. Pomerance*
   No. 11 Civ. 7087(JPO), 2012 WL 6584485 (S.D.N.Y. Dec. 18, 2012) ............................ 9

*Fleurimond v. New York University*
   876 F. Supp. 2d 190 (E.D.N.Y. 2012) ............................................................................... 8

*Fonar Corp. v. Domenick*
   105 F.3d 99 (2d Cir.1997) ................................................................................................. 8

*Gardner v. Nizer*
   391 F. Supp. 940 (S.D.N.Y. 1975) ................................................................................ 8, 9

*Hawthorne v. Citicorp Data Sys., Inc.*
   219 F.R.D. 47 (E.D.N.Y. 2003) ........................................................................................ 4

*Hoehling v. Universal City Studios, Inc.*
   618 F.2d 972 (2d Cir. 1980) .............................................................................................. 8

*Jean-Louis v. Warfield*
   No. 12-CV-01967 (ADS)(ARL), 2012 WL 4793550 (E.D.N.Y Oct. 6, 2012) ................. 4

*Khan v. Khan*
   360 F. App. 202 (2d. Cir. 2010) ..................................................................................... 5, 6

*Moursi v. Mission Essential Personnel*
   No. 10 CV 4169(KAM), 2012 WL 1030456 (E.D.N.Y. Feb. 27, 2012) .......................... 6

*Whimsicality, Inc. v. Rubie's Costume Co., Inc.*
    891 F.2d 452 (2d Cir.1989) ................................................................................................ 8

**State Statutes**

New York Civil Practice Law and Rules, Section 312-a ............................................................ 5, 6

**Federal Rules**

Federal Rules of Civil Procedure, Rule 12(b)(5), ..................................................................... 1, 4

Federal Rules of Civil Procedure, Rule 12(b)(6) ................................................................. passim

Federal Rules of Civil Procedure, Rule 12(d) ...................................................................... 1, 2, 7

Federal Rules of Civil Procedure, Rule 4(h) .................................................................................. 5

Federal Rules of Civil Procedure, Rule 4(h)(1)(A) ....................................................................... 5

Federal Rules of Civil Procedure, Rule 4(h)(1)(B) ....................................................................... 5

Defendants Black Entertainment Television Network ("BET") (erroneously named as "BET Networks"), A. Smith & Co. Properties, Inc. ("A. Smith") (erroneously named as "A. Smith & Co. Productions") and Apple, Inc. (erroneously named as "ITunes Corporate" and "Apple Computer Inc.") (collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Complaint (the Complaint is attached as Exhibit A to the accompanying Declaration of Daniel J. Buzzetta) with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6) and 12(d).

## PRELIMINARY STATEMENT

Defendants bring this Motion to Dismiss the Complaint in this action pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6) and 12(d).

The Statement of Claim in the Complaint alleges that in 2007 defendants BET and A. Smith aired, and Apple subsequently made available for download, a "bio-documentary" as part of the television series "American Gangster" entitled "Chaz Williams Armed & Dangerous." According to the Complaint, Plaintiff Charles Williams ("Williams") is Chaz Williams, and he portrayed himself in the documentary about his life experiences. The episode chronicles Williams' extensive history of bank robberies and other crimes and time served by Williams in various prisons. A copy of the documentary is attached to the Declaration of Frank Sinton (the "Sinton Decl."), submitted herewith as Exhibit 1.

Williams alleges that the documentary violated the purported copyright of his life story that he registered, in different forms, in both 1999 and 2002. Williams further alleges that the documentary included photographs of himself and his family. Williams claims that in the past he received payment from a film production company for "an option to [his] life story rights." Finally, Williams alleges that because he portrayed himself in the documentary, he has been

subject to public recognition and, on the apparent basis of his infamous criminal past, has been harassed "on hundreds of occasions." Williams seeks $20,500,000.00 in damages.

Williams fails to mention in the Complaint that he actually agreed to be interviewed by A. Smith about his life story for the documentary, and his on-camera interview appeared therein. Accordingly, Williams signed a broad release of any claims arising from or related to the contents, production, and broadcast of the documentary (the "Release") in favor of BET and A. Smith. A copy of the Release is attached to the Sinton Decl. as Exhibit 2. This obviously belied Williams' contention that A. Smith and BET somehow violated his rights by portraying him in the documentary.

After a prolific criminal career, comprising over 60 bank robberies by his own account, Williams now seeks recourse through the court system from the Defendants who produced, aired, and/or made available for download the documentary about his exploits with Williams' participation and consent. Williams has presented no cognizable claim for relief and is entitled to none.

For the reasons set forth below, Defendants respectfully submit that the Complaint should be dismissed with prejudice, and that the costs and fees associated with defending this action should be awarded to Defendants.

**STATEMENT OF FACTS**

The facts below are derived from the Complaint and the Sinton Declaration filed concurrently herewith pursuant to Fed. R. Civ. P. 12(d).

A.  **"Chaz Williams Armed & Dangerous"**

As set forth in the Complaint, "American Gangster" is a documentary television series that aired on BET and is available online from Apple and others. The series was produced by A. Smith. Each episode of the program profiles the life of a famous criminal. On November 21,

2

2007, BET aired the eighth episode of the second season, which is entitled "Chaz Williams Armed & Dangerous." Williams is the subject of the episode. Williams also appears throughout the episode, portraying himself, and provides a factual account of his prolific career of crime as well as his various experiences within the prison system, including at least two jail breaks. (*See* program attached as Exhibit 1 to the Sinton Decl.)

### B. Williams' Copyright Registration Entries

On February 16, 1999, Williams alleges that he registered for a copyright for a work entitled "Inside out: The perfect alibi." The copyright number for this work is PAu002378203. The work is described in the registration record as "Dramatic Work and Music; or Choreography." According to the registration record, the work is three pages long. On May 23, 2002, Williams registered an additional copyright claim to the above-mentioned work, entitled "Inside out: story outline." The copyright number for this work is TXu001032384. The work is described in the registration record as "Text."

### C. Williams' Signed Release in Favor of BET and A. Smith

On August 28, 2007, Williams signed an Appearance Consent and Release Agreement relating to BET's American Gangster television series. A copy of the Release is attached the Sinton Decl. as Exhibit 2. The language in the Release most pertinent to this matter is reproduced below:

- "I, the undersigned, in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and without further consideration, do hereby irrevocably grant to BET PRODUCTIONS IV, LLC, A. SMITH & CO. PROPERTIES . . . (collectively, "Producer") . . . my consent and the absolute, unrestricted right and permission to: . . . (ii) copyright, record, reproduce, broadcast, distribute, edit, publish, exhibit, disseminate, couple and use in any way . . . the audio and/or visual portions of any videotape . . . or other recordings of the Performance . . . ."

3

- "I hereby agree that Producer is the sole owner of the results and proceeds of the Performance and I waive any interest I may have in and to the copyright in connection therewith."

- "I hereby release, discharge, and agree to hold harmless Producer from any liability, loss, damage, (including consequential), costs, loss of services, claims, . . . personal injury, wrongful death, property damage or expenses . . . arising from or related to the contents, production, broadcast or use of the Performance, or use of any portrait, picture, recording (audio or visual) of me, or of any scene or sequence in which my likeness appears."

- "Without limiting the foregoing, I shall not have any right to enjoin, restrain or otherwise interfere with Producer's exploitation of the Program or any productions, works, or materials based on or derived from the Program."

**D.  Service of the Complaint**

On March 21, 2013, A. Smith and BET received the Complaint, along with an accompanying certificate of service, civil cover sheet and certification of arbitration eligibility via certified U.S. mail.  Williams did not include a summons or an acknowledgement of receipt in the envelope and, despite written notice from counsel for BET and A. Smith of this failing, as of this date Williams has failed to serve these documents on Defendants.  With regard to Apple, Williams does not claim to have done anything more than mail a copy of the Complaint (but no summons) by USPS to Apple.  Williams' certificate of service states that Williams served the Complaint (but no summons) "by certified mail thru the United States Postal Service on March 18, 2013."  Oddly, the certificate also states that Williams made this affirmation before a notary on March 17, 2013, the day prior to the filing of the Complaint and his sworn date of mailing.

## ARGUMENT

**A.  Standards of Review**

    **1.  Rule 12(b)(5) Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process.  *Jean-Louis v. Warfield*, No. 12-CV-01967 (ADS)(ARL), 2012

WL 4793550, at *3 (E.D.N.Y Oct. 6, 2012). "Rule 12(b)(5) is the proper provision to challenge the mode of delivery or the lack of delivery of the summons and complaint." *DePasquale v. DePasquale*, No. 12–CV–2564 (RRM)(MDG) 2013 WL 789209, at *1, n. 1 (E.D.N.Y. Mar. 1, 2013). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Dynergy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks and citation omitted); *see Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003). "On a rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App. 202, 203 (2d. Cir. 2010).

Under Fed. R. Civ. P. 4(h), corporations, like Defendants, may be served either (1) pursuant to state law in the state where the subject district court is located or where service is made or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P 4(h)(1)(A)-(B).  Pursuant to New York's Civil Practice Law and Rules §312-a, a plaintiff may serve a defendant "by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid addressed to the sender."  No proper service was made on any of the Defendants.

    **2.**    **Rule 12(b)(6) Standard**

A motion to dismiss is properly granted when, accepting the well-pled allegations as true, a plaintiff is unable to state enough facts to establish a *plausible* entitlement to relief.  See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550

5

U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949; *see also American Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010).  The line "between the factually neutral and the factually suggestive . . . must be crossed to enter the realm of plausible liability."  *Twombly*, 550 U.S. at 557, n.5.  Where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed."  *Id.* at 570.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact) . . ."  *Twombly*, 550 U.S. at 554-556 (citations omitted).  Complaints with threadbare or formulaic recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice, and will be dismissed.  *See Iqbal*, 129 S. Ct. at 1949-50.

### 3. Rule 12(d)

Defendants recognize that the Release Agreement attached to the Sinton Decl. may be considered a matter outside the pleading pursuant to Fed. R. Civ. P. Rule 12(d). Williams elected not to address this clearly dispositive document in his Complaint, and it must be introduced at this time in the interest of providing the Court with a clear picture of the circumstances surrounding this action and obtaining a prompt and just disposition of this case.

### B. Failure to Sufficiently Serve Defendants

Williams bears the burden of establishing that service was sufficient.  *See Khan v. Khan*, 360 F. App. 202, 203 (2d Cir. 2010).  Williams' failure to serve a summons on Defendants is

fatal to this action. This Court has held that "it is clear that a court may not exercise jurisdiction over the person of a party who has not been effectively served with process." *Moursi v. Mission Essential Personnel*, No. 10 CV 4169(KAM), 2012 WL 1030456, at *3 (E.D.N.Y. Feb. 27, 2012). Moreover, Williams failed to comply with N.Y. C.P.L.R. §312-a by omitting the required copies of a statement of service by mail and an acknowledgement of receipt in the package delivered to BET and A. Smith. Apple was not served at all (and even Williams purports to have served only a complaint, not summons). Complaints are properly dismissed where plaintiffs fail to comply with the requirements of §312-a. *See Conway v. American Red Cross*, No. CV 10–1859(SJF)(ARL), 2010 WL 4722279, at *4 (E.D.N.Y. Nov. 15, 2010) ("Service on a corporation solely by certified mail, return receipt requested is insufficient."); *Demarco v. City of New York*, No. 08 CV 3055(RRM)(LB), 2010 WL 889266, at *2 (E.D.N.Y. Mar. 10, 2010) (finding insufficient service where defendant only mailed summons and complaint). There is no question that Williams failed to comply with any of the state or federal methods of service on a corporation, and, therefore, the Court lacks personal jurisdiction over Defendants and should dismiss the Complaint on that basis.

    **C.**     **Failure to State a Claim for Copyright Infringement**

Williams alleges that Defendants improperly appropriated his allegedly copyrighted story treatment relating to his biography. In order to establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 653 (E.D.N.Y. 2011). "The second element is further broken down into two components: a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and

7

the *protectable elements* of the plaintiff's." *Id.* (internal quotation marks omitted) (emphasis added).

### 1. No Ownership of a Valid Copyright

Williams relies on the fact that he registered two of his works with the Library of Congress as the only support for his claim of copyright. Williams argues that the television program in which he starred, portraying himself, infringes his own registered work, but that bare legal conclusion alone is insufficient. In the Complaint, Williams describes the program as a "bio-documentary" "detailing Plaintiff's life story" including "Plaintiff's life experiences as a bank robber." Although "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable," *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 455 (2d Cir.1989), that presumption "may be rebutted with evidence demonstrating that the work at issue is either non-original or non-copyrightable." *Fleurimond v. New York University*, 876 F. Supp. 2d 190, 198 (E.D.N.Y. 2012) (quoting *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.1997)).

It is well established that "historical facts and events in themselves are not protected by copyright. Because biographical works are basically personal histories, two biographies of an individual will necessarily be similar in content and copyright protection is often denied." *Gardner v. Nizer*, 391 F. Supp. 940, 942-43 (S.D.N.Y. 1975) (finding no infringement where newspaper copied sentences from book describing historical facts). "Ordinary historical facts or events are not protectable elements under the Copyright Act." *Crane v. Poetic Products Limited*, 593 F. Supp. 2d 585, 590 (S.D.N.Y. 2009) (finding unprotectable theory regarding death of public figure and facts surrounding death). Even "interpretations of historical facts or events are not protectable, 'including theories or plots.'" *Id.* (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978-79 (2d Cir. 1980)). The fact that Williams allegedly optioned his "life

story rights" to a film production company in the past is irrelevant to establishing possession of a valid copyright. (Complaint at p. 2.) Finally, Williams has not presented copies of his registered works for comparison to the American Gangster episode at issue.

### 2. No Claim of Copying

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must not only sufficiently plead the elements of a cause of action, but must also assert factual allegations that raise a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In this case, Williams does not even recite or allege any facts that relate to the second element of copyright infringement: the copying of constituent elements of the work that are original. Rather, Williams simply concludes that "Defendants have been unjustly enriched by use of Plaintiff's story" and expresses his disappointment with the fact that he has "not received any compensation and/or royalties for the continued airing" of the episode (Complaint at p. 2.)

Even if Williams did allege copying and did possess a valid copyright regarding this life story (he did neither), "[c]opyright infringement will only be found where there is substantial or material copying, appropriation or taking of the copyrighted work. Indeed, *the copying must be even more substantial to constitute infringement when historical works are involved*." *Gardner*, 391 F. Supp. at 943 (internal quotation marks omitted) (emphasis added). In such cases, "to the extent that the disputed works are similar with respect to plot structure, individual scenes, settings, or features of individual characters that reflect historical facts or interpretations, those similarities do not count toward substantial similarity analysis." *Effie Film, LLC v. Pomerance*, No. 11 Civ. 7087(JPO), 2012 WL 6584485, at *21 (S.D.N.Y. Dec. 18, 2012) (finding no infringement where screenplay involved same historical personages of Victorian art world as two other screenplays.)

The episode of American Gangster, "Chaz Williams Armed & Dangerous," depicts only the factual series of events that relate to Williams' criminal career. No matter the substance of Williams' registered works, the American Gangster episode at issue cannot infringe upon those works by virtue of the episode's solely factual and historical content. Regardless, the Court cannot address the substantial similarity analysis due to Williams' failure to even allege that Defendants copied his works. The Complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(6) for failure to state enough facts to establish a plausible entitlement to relief.

### D. Failure to State a Claim for Unfair Business Practices, Exploitation, and Harassment

Similarly, Williams alleges that "Defendants by their actions individually and in concert have participated in unfair business practices, exploitation without compensation, and infringement." The Complaint's Statement of Claim concludes with the allegation that "Plaintiff has been approached and harassed, on hundreds of occasions, in public after being recognized due to Defendants [sic] actions." (Complaint at p. 2.) None of these claims are legally cognizable. Rather than plead the elements of any of these causes of action, Williams presents one-sentence, conclusory allegations with no factual support. Williams unequivocally failed to assert factual allegations that raise a right to relief above the speculative level. Therefore, dismissal of these claims is required pursuant to Fed. R. Civ. P. 12(b)(6).

### E. The Release Clearly Exonerates Defendants With Respect to All of Williams' Claims

Even if Williams sufficiently pleaded cognizable causes of action in the Complaint (he has not), he waived all rights to recover from Defendants by signing the August 28, 2007 Release. In the Release, Williams specifically agreed that Defendants are the "sole owner[s] of the results and proceeds of the Performance and [he waived] any interest [he] may have in and to the copyright in connection therewith." By releasing any potential claims against BET and A. Smith,

the "sole owners" of the documentary's proceeds and copyright, Williams also necessarily released Apple with respect to those interests, which he now seeks to improperly recover upon in his Complaint.  Moreover, Williams explicitly agreed to hold Defendants harmless "from any liability . . . arising from or related to the contents, production, broadcast, or use of the Performance" and waived "any right to enjoin, restrain or otherwise interfere with Producer's exploitation of the Program or any productions, works or materials based on or derived from the Program." The Release bars all of Williams' claims in his Complaint, and, therefore, the Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed and Defendants should recover their costs and fees associated with defending this action from Williams.

DATED: April 8, 2013

                      Greenberg Traurig, LLP

By:   /s/ Daniel J. Buzzetta
       Daniel J. Buzzetta (DB 7816)
       200 Park Avenue
       New York, New York 10166
       Telephone:  212-801-9200
       *Attorneys for Defendants Black Entertainment Networks, Inc., A. Smith & Co. Properties and Apple, Inc.*