UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHARLES WILLIAMS,

                    Plaintiff,                    <u>MEMORANDUM & ORDER</u>
                                                  13-CV-1459(JS)(WDW)

        -against-

BLACK ENTERTAINMENT TELEVISION,
INC.; A&E TELELVISION NETWORKS;
APPLE COMPUTER INC.; NETFLIX
CORPORATE; A. SMITH & CO.
PRODUCTIONS; and BEST BUY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Charles Williams, <u>pro se</u>
                    4 Naomi Court
                    Melville, NY 11747

For Defendants:     Danilo J. Buzzetta, Esq.
                    John Joseph Elliott, Esq.
                    Greenberg Traurig LLP
                    200 Park Avenue
                    New York, NY 10166

                    Frank E. Merideth, Jr., Esq.
                    Greenberg Traurig LLP
                    1840 Century Park East, Suite 1900
                    Los Angeles, CA 90067

SEYBERT, District Judge:

        <u>Pro</u>  <u>se</u>  plaintiff  Charles  Williams  ("Plaintiff")

commenced  this  action  on  March  18,  2013  against  defendants

Viacom,  Inc.  ("Viacom");  Black  Entertainment  Television  LLC

s/h/a  BET  Networks  ("BET");  A&E  Television  Networks,  LLC

("A&E");  Apple,  Inc.  s/h/a  I  Tunes  Corporate/Apple  Computer  Inc.

("Apple");  Netflix,  Inc.  s/h/a  Netflix  Corporate  ("Netflix");

Amazon Corporate ("Amazon"); and A. Smith & Co. Properties, Inc. s/h/a A. Smith & Co. Productions ("A. Smith" and collectively, "Defendants").  On May 3, 2013, Plaintiff filed with the Court a document he entitled "Amended Complaint," which the Court considers a motion to amend the Complaint.  Currently, the following motions are pending before the Court: (1) A. Smith, BET, and Apple's motion to dismiss the Complaint (Docket Entry 7); (2) Netflix's motion to dismiss the Complaint (Docket Entry 13); (3) A&E's motion to dismiss the Complaint (Docket Entry 25); (4) Viacom's motion to dismiss the Complaint (Docket Entry 27); (5) Plaintiff's motion to amend the Complaint (Docket Entry 23); and (6) Defendants' motion to dismiss the "Amended Complaint" (Docket Entry 31).  For the following reasons, Defendants' respective motions to dismiss the original Complaint are GRANTED IN PART and DENIED IN PART, Plaintiff's motion to amend the Complaint is GRANTED IN PART and DENIED IN PART, and Defendants' motion to dismiss the "Amended Complaint" is DENIED as moot.

BACKGROUND

I. Original Complaint

Plaintiff alleges that he has registered copyrights with the Library of Congress, essentially copyrighting his life story, under numbers "PAu002378203" and "TXu001032384."  (Compl.

§ III.)  These works have also been registered with the Writers Guild of America East.  (Compl. § III.)

On November 21, 2007, BET aired "an American Gangster story, season 2, episode 8" entitled "Chaz Williams Armed & Dangerous" featuring "a bio-documentary" "detailing Plaintiff's life story."  (Compl. § III.)  The documentary "includes Plaintiff's life experiences as a bank robber" and was produced by defendant A. Smith.  (Compl. § III.)  Plaintiff's story also aired on A&E and is available on the Biography Channel website, which is controlled by A&E.  (Compl. § III.)  It is further available on Netflix, I Tunes, and Amazon.  (Compl. § III.)

Plaintiff alleges that "[a]ll Defendants . . . committed . . . infringement with the knowledge that the program they were and are displaying and making available to the public is subject to copyright restrictions, and they are enjoying the benefits of Plaintiff's story without paying for it."  (Compl. § III.)

## II. Proposed Amended Complaint[1]

Plaintiff's Proposed Amended Complaint ("PAC") essentially adds to, and expounds upon, the factual allegations in the original Complaint.  However, there are some distinctions that are particularly relevant.

---

[1] For the reasons discussed below, the Court considers the document in question to be a Proposed Amended Complaint.

First, Plaintiff purports to add Black Hand Entertainment as a plaintiff, "John Doe" and Best Buy as defendants, and deletes Viacom as a defendant. Second, in adding Black Hand Entertainment, Plaintiff now maintains that he and Black Hand Entertainment jointly own the copyrights at issue. Third, the PAC includes allegations that "Chaz Williams Armed & Dangerous" is a "documentary" and a "story, as told by Defendants." (PAC § III, ¶ 1.) The PAC goes on to allege that "Defendants A. Smith & Co. and Black Entertainment Television copied fictional portions of Plaintiff[']s copyright material into the narrative script for the 'Chaz Williams Armed & Dangerous' episode of American Gangster," including, "the order of details, fictional details, the number of bank robberies, the number and circumstances of the shoot outs, the details of the prison escape, the Canadian court and prison scene, and other details of Plaintiff's juvenile period." (PAC § III, ¶ 5.)

DISCUSSION

The Court will first address the applicable legal standards before turning to the parties' arguments specifically.

I. Legal Standards

A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

<u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. <u>See</u> <u>Morrison v. Nat'l Australia Bank, Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008). The court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of plaintiffs because subject matter jurisdiction must be shown affirmatively. <u>See id.</u>; <u>Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992); <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." <u>Makarova</u>, 201 F.3d at 113.

B. <u>Rule 12(b)(5)</u>

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" <u>Dynegy Midstream Servs., L.P. v. Trammochem</u>, 451 F.3d 89, 94 (2d Cir. 2005) (quoting <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). When a defendant moves to dismiss the Complaint under Rule 12(b)(5), the motion must assert more than a general statement that

service was inadequate.  See Herzner v. U.S. Postal Serv., No.
05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007).
However, the plaintiff bears the burden of establishing proper
service.  See id.

   C. Rule 12(b)(6)

        In deciding Rule 12(b)(6) motions to dismiss, the
Court applies a "plausibility standard," which is guided by
"[t]wo working principles."  Ashcroft v. Iqbal, 556 U.S. 662,
678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v.
Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).  First, although the
Court must accept all allegations as true, this "tenet" is
"inapplicable to legal conclusions;" thus, "[t]hreadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678;
accord Harris, 572 F.3d at 72.  Second, only complaints that
state a "plausible claim for relief" can survive a Rule 12(b)(6)
motion to dismiss.  Iqbal, 556 U.S. at 679.  Determining whether
a complaint does so is "a context-specific task that requires
the reviewing court to draw on its judicial experience and
common sense."  Id.; accord Harris, 572 F.3d at 72.

        Because Plaintiff is litigating pro se, the Court
reads his Complaint liberally, see, e.g., Mancuso v. Hynes, 379
F. App'x 60, 61 (2d Cir. 2010), and interprets his papers to
"'raise the strongest arguments that they suggest,'" Corcoran v.

6

N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

Furthermore, in deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

D. Rule 12(d)

Consideration of materials beyond those just enumerated requires conversion of the 12(b)(6) motion to dismiss to one for summary judgment. See Kramer, 937 F.2d at 773. In converting a motion to dismiss into a motion for summary judgment, the Court must ensure that Plaintiff had "sufficient notice," Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995), and a "reasonable opportunity to present all the material that is pertinent to the motion," FED. R. CIV. P. 12(d), before deciding the motion.

E. <u>Rule 15</u>

Courts should grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. See <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001). To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal</u>, 282 F.3d 83, 88 (2d Cir. 2002).

II. <u>Plaintiff's "Amended Complaint" & Timeliness</u>

Before the Court may address the merits of Defendants' motions, the Court must first consider which Complaint is the operative document. In their motion to dismiss the Amended Complaint, Defendants assert that Plaintiff's Amended Complaint is untimely and that the Court should therefore address their motions to dismiss the original Complaint and consider Plaintiff's Amended Complaint a motion requesting amendment. (Defs.' Br. to Dismiss Am. Compl., Docket Entry 32, at 7-9.) The Court agrees with Defendants.

As mentioned earlier, Plaintiff commenced this action on March 18, 2013. A. Smith, BET, and Apple filed a motion to dismiss on April 8, 2013. (See Docket Entry 7.) On April 15,

2013, Netflix filed its motion to dismiss (see Docket Entry 13) and on May 16, 2013, A&E and Viacom filed their respective motions to dismiss (see Docket Entries 25, 27). Plaintiff filed the purported Amended Complaint on May 3, 2013. (See Docket Entry 23.)

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Specifically, Rule 15(a)(1) provides that a party may amend its complaint once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." All other amendments require either written consent from the other parties or the Court's leave. FED. R. CIV. P. 15(a)(2).

Plaintiff maintains that his purported Amended Complaint was timely filed as a matter of course because "[t]he dates as calculated by Plaintiff would be calculated from the final dismissal motion by Defendants . . . ." (Pl.'s Opp. to Mot. to Dismiss Am. Compl., Docket Entry 40, at 1.) Plaintiff, however, is mistaken. Following the 2009 amendments to Rule 15, it is apparent that the "Rule 15(a)(1)(B) . . . period run[s] from the earlier action by defendants . . . ." Brown v. W. Valley Envtl. Servs., LLC, No. 10-CV-0210, 2010 WL 3369604, at

9

*9 (W.D.N.Y. Aug. 24, 2010). Thus, "Rule 15(a)(1) is not intended to be cumulative." Trujillo v. City of Newton, No. 12-CV-2380, 2013 U.S. Dist. LEXIS 18516, at *3 (D. Kan. Feb. 12, 2013) (citing FED. R. CIV. P. 15 advisory committee's note). Rather, "the twenty-one day period to amend as a matter of course begins on the date of the earliest defense action." Schneider v. Cnty. of Sacramento, No. 12-CV-2457, 2013 U.S. Dist. LEXIS 97295, at *2 (E.D. Ca. July 10, 2013). As the earliest defense action was A. Smith, BET, and Apple's motion to dismiss filed on April 8, 2013, the time to amend as a matter of course ended on April 29, 2013. Plaintiff, though, did not file the purported Amended Complaint until May 5, 2013--after the deadline.

Accordingly, the Court will construe Plaintiff's Amended Complaint as a PAC. In conducting the additional analyses, the Court will first consider the original Complaint before turning to issues regarding the PAC. However, where feasible the Court will provide a singular discussion of overlapping issues.

III. Service

In their motions to dismiss the original Complaint, BET, A. Smith, Apple, and Netflix asserted that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(5) due to Plaintiff's failure to properly effectuate service. The Court disagrees.

BET, A. Smith, and Apple filed their motion to dismiss on April 8, 2013, arguing, in part, that Plaintiff's attempted service through the United States Postal Service ("USPS") was improper and that none of the three defendants received a copy of the Summons. On April 15, 2013, Netflix filed its motion to dismiss, also claiming that it had not received the Summons and that Plaintiff's attempted service via USPS was not proper.

In between the filing of these two motions, however, the Court issued a Memorandum and Order granting Plaintiff's motion to proceed in forma pauperis and directing service of the Summons and Complaint on Defendants through the United States Marshal Service. (See Docket Entry 11.) On April 25, 2013, the Clerk of the Court forwarded the appropriate documents to the United States Marshal for service. ("Court Only" Docket Entry dated April 25, 2013.) As the United States Marshal effectuated proper service within the 120-day deadline set by the Federal Rules of Civil Procedure, BET, A. Smith, Apple, and Netflix's motions to dismiss the Complaint for failure to properly serve is DENIED. See FED. R. CIV. P. 4(m).[2]

---

[2] The Court notes, however, that the docket reflects executed summonses for only some Defendants. (See Docket Entries 37-38, 44-45, 54.) Nonetheless, even if service was at all untimely, the Court may extend the time to effectuate proper service for

IV. <u>Failure to State a Copyright Claim</u>

    A. <u>Historical Facts</u>

        Defendants' respective motions to dismiss the original Complaint assert that Plaintiff has failed to properly allege a claim for copyright infringement because the works at issue present historical facts that are not entitled to copyright protection.  The Court disagrees.

        "'To establish a <u>prima</u> <u>facie</u> case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  <u>TufAmerica, Inc. v. Diamond</u>, --- F. Supp. 2d ----, 2013 WL 4830954, at *3 (S.D.N.Y. Sept. 10, 2013)

---

good cause.  <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 4(m); <u>see</u> <u>also</u> <u>Sciotti v. Saint Gobain Containers</u>, No. 06-CV-6422, 2007 WL 4180737, at *4 (W.D.N.Y. Nov. 20, 2007).  "In determining whether a plaintiff has shown good cause, courts generally consider two factors: (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay."  <u>Jordan v. Forfeiture Support Assocs.</u>, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (internal quotation marks and citation omitted).  Courts in this Circuit have consistently held that a <u>pro</u> <u>se</u> litigant proceeding <u>in</u> <u>forma</u> <u>pauperis</u> is entitled to rely upon the Marshal Service and that any delay by the Marshal constitutes "good cause."  <u>See,</u> <u>e.g.</u>, <u>Romandette v. Weetabix Co.</u>, 807 F.2d 309, 311 (2d Cir. 1986); <u>Husowitz v. Am. Postal Workers Union</u>, 190 F.R.D. 53, 57 (E.D.N.Y. 1999).  Additionally, the Court can see no prejudice to any Defendants in extending the time as each have actively litigated the case from its early stages.

Moreover, to the extent that Defendants seek dismissal of the "Amended Complaint" for improper service, any such motion is DENIED AS MOOT as the Court has deemed the relevant document to be a PAC, not an Amended Complaint.

(quoting <u>Warner Bros. Entm't, Inc. v. RDR Books</u>, 575 F. Supp. 2d 513, 533 (S.D.N.Y. 2008)). Defendants maintain that Plaintiff has not properly alleged ownership of a valid copyright because Plaintiff "describes the program as a 'bio-documentary' 'detailing Plaintiff's life story' including 'Plaintiff's life experiences as a bank robber.'" (A. Smith, BET, and Apple's Br. to Dismiss, Docket Entry 8, at 8; Netflix's Br. to Dismiss, Docket Entry 14, at 8; A&E's Br. to Dismiss, Docket Entry 26, at 6; Viacom's Br. to Dismiss, Docket Entry 28, at 6.) In opposition, Plaintiff maintains that "[t]he copyright material and the episode are not all facts, opposed to what Defendants allege is history, and share those identical points of fiction. The fiction was created by Plaintiff." (Pl.'s Opp. to Mot. to Dismiss, Docket Entry 17, ¶ 6[3].)

Defendants are correct that "historical fact is not copyrightable." <u>Robinson v. Random House, Inc.</u>, 877 F. Supp. 830, 836 (S.D.N.Y. 1995), <u>modified by</u> 1995 WL 502525 (S.D.N.Y. Mar. 26, 1995). "Moreover, because the retelling of history necessarily proceeds in a certain chronological order, an author cannot hold a copyright in the sequence of the story's

---

[3] Although Plaintiff's opposition brief was filed before A&E and Viacom's motions, his additional opposition at Docket Entry 39 reiterates prior arguments and Defendants' respective motions are similar, if not identical. Accordingly, where Defendants' arguments overlap, the Court will refer only to A. Smith, BET, and Apple's brief for ease of reference.

elements." Id. However, "an author's expression of historical facts is protected by the Copyright Act." Id. (emphasis in original). Thus, Plaintiff's allegations that the "show is a bio-documentary" and recounts "Plaintiff's life experiences as a bank robber" do not necessarily preclude a copyright infringement claim. (Compl. § III.) Notably, Plaintiff also alleges that the "story treatment" is copyrighted and has been infringed. (Compl. § III.)

Additionally, Plaintiff's opposition asserts that the "copyright material" contains points of fiction created by Plaintiff--theoretically embellishments of his true life story--which Defendants included in the program. (Pl.'s Opp. to Mot. to Dismiss ¶ 6.) Certainly, Plaintiff faces significant challenges in actually proving such a claim. For example, the District Court for the Southern District of New York noted that "[w]hen a book presents itself as an 'account of factual events,' this representation 'renders proof of infringement more difficult, because copyright protection in this circuit does not extend to facts or to true events . . . ." Effie Film, LLC v. Pomerance, 909 F. Supp. 2d 273, 297 (S.D.N.Y. 2012) (quoting Friedman v. ITC Int'l Television Corp., 644 F. Supp. 46, 48 (E.D.N.Y. 1986)). Nonetheless, the Court went on to explain that "because 'adding imagination to fact can result in a protected work . . . a historical romance, albeit based on

actual personages, is still protected against copying of the fictitious devices added by the narrator.'" Id. (quoting 1-2 Nimmer on Copyright § 2.11 (alteration in original)). Thus, at this stage, Plaintiff has plausibly asserted a claim for copyright infringement in this regard.

Accordingly, Defendants' respective motions to dismiss the original Complaint because it is based on historical fact are DENIED.

B. Amending the Complaint - Historical Facts

The PAC expounds upon Plaintiff's initial assertions regarding fictional portions of the copyrighted material. The PAC alleges

> Defendants A. Smith & Co. and Black Entertainment Television copied fictional portions of Plaintiff[']s copyright material into the narrative script for the "Chaz Williams Armed & Dangerous" episode of American Gangster. Specifically, the order of details, fictional details, the number of bank robberies, the number and circumstances of the shoot outs, the details of the prison escape, the Canadian court and prison scene, and other details of Plaintiff's juvenile period.

(PAC § III, ¶ 5.) As this portion of the PAC merely fleshes out allegations that the Court has already found sufficient, the Court finds that Plaintiff should be permitted to amend his Complaint in this regard.

Defendants, however, argue that the Court should reject these allegations because they flatly contradict Plaintiff's allegations in the original Complaint that his story is a "bio-documentary" and relays true events. The Court disagrees.

"There is authority supporting the notion that a court may disregard amended pleadings when they directly contradict facts that have been alleged in prior pleadings." Kilkenny v. Law Office of Cushner & Garvey, L.L.P., No. 08-CV-0588, 2012 WL 1638326, at *5 (S.D.N.Y. May 8, 2012) (collecting cases). Thus, "[w]here a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" Colliton v. Cravath, Swaine & Moore LLP, No. 08-CV-0400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (quoting Wallace v. N.Y.C. Dep't of Corr., No. 95-CV-4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (alterations in original)).

Particularly relevant, here, though, is that precedent supports rejection where the amended pleading includes "blatant" and flatly contradictory allegations. The Amended Complaint still includes language referring to the copyrighted works as a "documentary" and the shift from a "bio-documentary" including

16

the "story" of "Plaintiff's life experiences" (Compl. § III) to a "documentary" telling Plaintiff's story (PAC § III, ¶ 1) is not such a blatant reversal in allegations as Defendants suggest. See Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 266 (S.D.N.Y. 2008) ("The changes between the complaint and amended complaint are, when taken as a whole, not 'blatant' or 'directly contradict[ory],' and can be described as clarifying but, at most, as inconsistent." (alterations in original)).

Therefore, Plaintiff's motion to amend in this regard is GRANTED.

C. Copying

Defendants' motions to dismiss also assert that Plaintiff has failed to state a claim for copyright infringement because he has not sufficiently alleged the copying of constituent elements of the work that are original. Again, the Court disagrees.

"To satisfy the second prong [of a prima facie case of infringement--i.e., copying of constituent elements of the work that are original], a plaintiff must demonstrate that: '(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's.'" TufAmerica, Inc., 2013 WL 4830954, at *3 (quoting Hamil Am., Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999)

(emphasis in original).  In moving to dismiss the Complaint, Defendants here make two interrelated arguments.

First, they argue that Plaintiff has not alleged any actual copying.  (See A. Smith, BET, and Apple's Br. to Dismiss at 9.)  Defendants are correct in that the Complaint lacks some detail.  However, courts have specifically noted that "direct evidence of copying is rarely possible" and therefore "copying is generally established by showing (a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectible [sic] material in the two works." Effie Film, LLC, 909 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

Accordingly, Defendants argue, second, that there is no substantial similarity between the alleged copyrighted works and the alleged infringing work.  (See A. Smith, BET, and Apple's Br. to Dismiss at 9.)  In other words, because the only similarities are unprotected elements such as plot structure, scenes or settings, and reflections of historical fact, Defendants maintain that Plaintiff has failed to sufficiently allege a claim of copyright infringement.  (A. Smith, BET, and Apple's Br. to Dismiss at 9.)

As stated in connection with the analysis regarding historical fact, Plaintiff's allegations are minimal.  However, given his pro se status, the Court finds that his allegations

that Defendants have incorporated Plaintiff's artistic expression of his life story cross the threshold--even if only slightly--to sufficiently overcome a motion to dismiss. Here, Plaintiff has alleged the particular, original copyrighted works and that Defendants have committed acts of infringement through creation, airing, or otherwise making available the "Chaz Williams Armed & Dangerous" program. <u>See</u> <u>Broughel v. Battery Conservancy</u>, No. 07-CV-7755, 2009 WL 928280, at *4 (S.D.N.Y. Mar. 30, 2009) (noting that although a plaintiff cannot rest on conclusory allegations, a "plaintiff must identify, with specificity, the original works that are the subject of her copyright claim and which acts committed by defendants constitute infringement of her rights."); <u>Maverick Recording, Co. v. Goldshteyn</u>, No. 05-CV-4523, 2006 WL 2166870, at *3 (E.D.N.Y. July 31, 2006) ("[T]he specificity required of the complaint is not great. A plaintiff need not provide a description of the individual instances or exact times of infringement.").

The Court is mindful that "[t]he question of substantial similarity is by no means exclusively reserved for resolution by a jury" and that "in certain circumstances, it is entirely appropriate for a district court to resolve that question" at the motion to dismiss stage. <u>Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.</u>, 602 F.3d 57, 63-64 (2d

Cir. 2010).  In considering the issue of substantial similarity at the motion to dismiss stage, "the district court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  Id. at 64 (internal quotation marks and citation omitted).  Thus, the Court may consider the copyrighted works and the allegedly infringing works, keeping in mind that the documents supersede the parties' allegations, without necessarily requiring any additional discovery.  Id.

Here, though, neither party has provided the Court with the copyrighted works.  At most, the Court has a portion of "Inside Out: Film Project Summary" (see Pl.'s Opp. to Mot. to Dismiss, Ex. 4) and a DVD of "Chaz Williams Armed & Dangerous" (Buzzetta Decl., Docket Entry 9, Ex. 1).[4]  Courts that have conducted the substantial similarity analysis at the motion to dismiss stage have noted that it is appropriate where the Complaint attaches the copyrighted works or have otherwise been made available.  Gaito, 602 F.3d at 64 ("[W]here, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to

_____

[4] As Defendants correctly aver, and as Plaintiff apparently concedes, interspersed throughout the program are portions of an interview with Plaintiff.

dismiss, because the court has before it all that is necessary in order to make such an evaluation."); accord TufAmerica, Inc., 2013 WL 4830954, at *4.

Accordingly, Defendants' motions to dismiss the Complaint for failure to properly allege copying are DENIED.[5]

Additionally, as the PAC has expounded upon these allegations, is it GRANTED in this regard. Specifically, the PAC alleges that others in the industry were negotiating for the rights to Plaintiff's story, presumably going to Plaintiff's assertion that Defendants had access to the story through the industry, and that Defendants "copied fictional portions of Plaintiff[']s copyright material into the narrative script" for the program. (PAC § III ¶¶ 3, 5.)

D. General Release and Conversion to Summary Judgment

Defendants further move to dismiss the Complaint because a "General Release" signed by Plaintiff exonerates them with respect to all of Plaintiff's claims. The Court, however, will not address the General Release at this stage.

As Defendants correctly note, the General Release is a document outside of the pleadings, and therefore would require

_____

[5] At least one treatise has warned that "[w]here a federal judge perceives (correctly or not) that a plaintiff attempted to conceal a weak case by failing to attach sample copyrighted material and infringing material, the plaintiff may be severely prejudiced moving forward." RAYMOND J. DOWD, Copyright Litigation Handbook § 9.9 (2d ed. 2013).

conversion of their motions to dismiss to one for summary judgment. The Court, though, has broad discretion in determining whether conversion is appropriate. See Stephens v. Bayview Nursing & Rehab. Ctr., No. 07-CV-0596, 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2009) (collecting cases); accord Kouakou v. Fedeliscare N.Y., 920 F. Supp. 2d 391, 396 (S.D.N.Y. 2012). Here, Plaintiff has acknowledged the General Release, but has also raised some issues regarding ambiguity in that contract--namely that the General Release pertains to acting royalties, but is not a release regarding copyrights and the program itself. Without determining the potential viability of such an argument, the Court notes that the exercise of discretion in converting to a motion for summary judgment is particularly appropriate where it "'is likely to facilitate the disposition of the action.'" Stephens, 2008 WL 728896, at *2 (quoting Carione v. United States, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005)).

Accordingly, the Court declines to convert to summary judgment, and Defendants' motions to dismiss--as well as any arguments in opposition to amendment--based upon the General Release are DENIED.

V. Plaintiff's State Law Claims

Defendants also move to dismiss Plaintiff's state law claims--which they characterize as being claims for unfair

22

business practices, exploitation, and harassment--for failure to state a claim.  The Court also liberally reads the Complaint to assert a claim for unjust enrichment.  Nonetheless, the Court agrees with Defendants that Plaintiff has failed to state a claim for any of the aforementioned state law causes of action.[6]

The Complaint alleges that "Defendants by their actions individually and in concert have participated in unfair business practices, exploitation without compensation, and infringement."  (Compl. § III.)  It further alleges that "Plaintiff has been approached and harassed, on hundreds of occasions, in public after being recognized due to Defendants [sic] action."  (Compl. § III.)  Plaintiff's claims fail for a number of reasons.

First, as to any claim for "harassment," New York does not recognize such an independent tort.  See Goldstein v. Tabb, 177 A.D.2d 470, 471, 575 N.Y.S.2d 902 (2d Dep't 1991) ("New York does not recognize a cause of action to recover damages for

_____

[6] In their motion to dismiss the Amended Complaint, Defendants also assert that this Court does not have jurisdiction over Plaintiff's state law claims.  The Court disagrees.  As Defendants state: "'The exercise of supplemental jurisdiction is appropriate where the facts underlying the federal and state claims substantially overlap or where presentation of the federal claim necessarily brings the facts underlying the state claim before the court.'"  (Defs.' Br. to Dismiss Am. Compl. at 18-19 (quoting Sampson v. City of N.Y., No. 07-CV-2836, 2009 WL 3364218, at *6 (S.D.N.Y. Oct. 19, 2009).)  The Court finds that there is enough overlap in Plaintiff's state and federal claims that this Court is not necessarily deprived of subject matter jurisdiction.

harassment."); accord Jacobs v. 200 E. 36th Owners Corp., 281 A.D.2d 281, 281, 722 N.Y.S.2d 137 (1st Dep't 2001). Second, as to any potential claim for "exploitation," Plaintiff presumably intends to assert a claim for commercial exploitation of Plaintiff's likeness. However, Plaintiff himself acknowledges that he "is not arguing that Defendants violated his rights by portraying him in the documentary." (Pl.'s Opp. to Mot. to Dismiss ¶ 7 (internal quotation marks and citation omitted).) Thus, Plaintiff's own assertions belie any potential claim in this regard. Third, as to "unfair business practices," Plaintiff arguably intends to assert a claim pursuant to New York General Business Law Section 349. That law, however, "requires, as a prerequisite to liability, that the plaintiff establish injury to the public generally as distinguished from injury to the plaintiff alone." Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co., 834 F. Supp. 605, 608 (E.D.N.Y. 1993). Plaintiff has alleged no such consumer-oriented act or injury.

Fourth, as to any potential claim for unjust enrichment, such a claim is preempted by the Copyright Act. "Section 301 of the Copyright Act preempts a state law claim when (i) the work at issue 'come[s] within the subject matter of copyright' and (ii) the right being asserted is 'equivalent to any of the exclusive rights within the general scope of copyright.'" Faktor v. Yahoo! Inc., No. 12-CV-5220, 2013 WL

1641180, at *4 (S.D.N.Y. Apr. 16, 2013) (quoting 17 U.S.C. § 301(b)); accord Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc., 497 F. Supp. 2d 541, 554-55 (S.D.N.Y. 2007). The first prong of this test, the subject matter requirement, "is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Orange Cnty. Choppers, Inc., 497 F. Supp. 2d at 555. Such works include, for example, "motion pictures and other audiovisual works," and therefore this prong is satisfied. 17 U.S.C. § 102(a)(5).

"The second prong--the general scope requirement--'is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law.'" Orange Cnty. Choppers, Inc., 497 F. Supp. 2d at 555 (quoting Briaripatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004)). Here, the very same acts that Plaintiff alleges constitute copyright infringement also form the foundation of his unjust enrichment claim. He has not alleged any "extra elements" or asserted any allegations that would make this claim "qualitatively different from a copyright infringement claim." Id. (quoting Briarpatch, 373 F.3d at 305).

Accordingly, Defendants' motions to dismiss Plaintiff's state law claims are GRANTED and such claims are DISMISSED.

As the PAC reiterates these claims without any additional allegations or support rectifying the aforementioned deficiencies, his motion to amend as to state law claims for unfair business practices, unjust enrichment, harassment, and exploitation is DENIED. Given that these claims are either preempted or unrecognized claims, and that Plaintiff has not been able to properly allege them despite attempted amendment, the claims are DISMISSED WITH PREJUDICE.

## VI. Additional Issues Regarding Amendment

### A. Black Hand Entertainment

Plaintiff moves to amend the Complaint to include Black Hand Entertainment, a corporation. However, a non-lawyer cannot represent the interests of an entity pro se. See United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 91 (2d Cir. 2011) ("[A] corporation is not allowed to appear in federal court except by a licensed attorney, and [a pro se litigant] as a non-attorney is not allowed, in federal court, to represent anyone other than himself." (citations omitted)). Accordingly, Plaintiff's motion to amend in this regard is DENIED.

B. <u>State Law Breach of Contract</u>

Plaintiff also seeks to include a state law claim for breach of contract based upon an agreement between BET and Black Hand Entertainment. Plaintiff asserts that "Defendants have violated that agreement by not fairly compensating Plaintiff and by not giving Plaintiff equal treatment as every other producer." (Pl.'s Opp. to Mot. to Dismiss ¶ 7.)

Plaintiff, however, is not a signatory to the contract. The relevant signatory is Black Hand Entertainment, but, as previously stated, Plaintiff's motion to amend to include Black Hand Entertainment as a Plaintiff has been denied. Accordingly, Plaintiff does not have standing to bring such a claim. See McCall v. Chesapeake Energy Corp., 817 F. Supp. 2d 307, 313 (S.D.N.Y. 2011).

Thus, Plaintiff's motion to amend to add a claim for breach of contract is DENIED.

C. Statute of Limitations and Ownership

Insofar as Plaintiff seeks to amend his Complaint to assert additional allegations regarding copyright infringement, Defendants oppose such amendment because Plaintiff's claims are barred by the applicable statute of limitations and because Plaintiff has not sufficiently alleged his ownership (as opposed

to Black Hand Entertainment's ownership) of the copyright at issue.[7]  The Court will address each of these in turn.

## 1. Statute of Limitations

"Claims for copyright infringement are governed by a three-year statute of limitations." Architectronics, Inc. v. Control Sys., Inc., 935 F. Supp. 425, 433 (S.D.N.Y. 1996) (citing 17 U.S.C. § 507(b)).  Although there is somewhat of a split in this Circuit regarding when such a claim accrues--i.e., from the date of discovery or from the date of injury, see Urbont v. Sony Music Entm't, 863 F. Supp. 2d 279, 282 (S.D.N.Y. 2012)--Defendants correctly note that Plaintiff's claims primarily relate to events in 2007.  Accordingly, any claims pertaining to infringement prior to 2010 are time-barred.

However, "[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief." Stone v. Williams, 970 F.2d 1043, 1049 (2d Cir. 1992).  Therefore, Plaintiff has also plausibly alleged claims that are not time-barred.  See Architectronics, Inc., 935 F. Supp. at 433 (holding

---

[7] Defendants also asserted these arguments in connection with their motions to dismiss the original Complaint.  However, they did not raise them until their reply brief.  (See Defs.' Reply Br. to Dismiss.)  See Fairfield Fin. Mort. Grp., Inc. v. Luca, 584 F. Supp. 2d 479, 485 n.2 (E.D.N.Y. 2008) (declining to address defendants' arguments raised for the first time in the reply papers); Vilkhu v. City of N.Y., No. 06-CV-2095, 2008 WL 1991099, at *8 (E.D.N.Y. May 5, 2008) ("Because defendants have raised this argument for the first time in their reply papers, I decline to consider it on this motion.").

that the plaintiff's claims were not all time-barred because "much of the damages plaintiff claims arise from sales of copies of GT FLEXICON beginning in June 1990"); see also Williams v. Curinton, 662 F. Supp. 2d 33, 39 (D.D.C. 2009) ("However, any copyright infringement claims arising from individual sales of this song within three years of the filing of the complaint are timely.").

2. Ownership

In their reply in further support of the motion to dismiss the original Complaint, Defendants maintained that Black Hand Entertainment may be the true owner of the copyrights. (Defs.' Reply Br. to Dismiss at 2.)  The PAC now alleges that Plaintiff and Black Hand Entertainment own the copyrights.

Defendants seem to assert that Plaintiff's claims of ownership are contradictory and must therefore be rejected. However, as already discussed, contradictory in this context means something more than somewhat inconsistent.  See supra pp. 16-17.  Although Plaintiff initially asserted that he is the sole owner of the copyrights, and now claims that he and Black Hand Entertainment are the owners, the inconsistencies seem to arise from the fact that Plaintiff is a pro se litigant who has confused the legal identities of himself and the company that he has created.  In any event, "[t]he right to prosecute an accrued cause of action for infringement is . . . an incident of

29

copyright ownership" and "it is a right that may be exercised independently of co-owners."  Davis v. Blige, 505 F.3d 90, 99 (2d Cir. 2007); see also Copyright.net Music Pub. LLC v. MP3.com, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003) ("[T]here was simply no legal basis for requiring plaintiffs to join all co-owners of the compositions at issue.").

Accordingly, Plaintiff's motion to amend to assert claim of copyright infringement is GRANTED, but only those claims that are not time-barred remain actionable.

D. Parties

Finally, Plaintiff seeks to add "John Doe" and Best Buy as defendants.[8]  As Plaintiff's claims against Best Buy are similar to those as the other Defendants, and for all of the reasons articulated above, his motion in this regard is GRANTED. (See PAC § III, ¶ 1 ("Defendants, Best Buy, Apple via ITunes and Amazon have Plaintiff's story on their websites for sale.").)

---

[8] Plaintiff has also dropped Viacom as a defendant, whose termination has already been noted on the docket.  Although Plaintiff's opposition notes that he "inadvertently left Viacom out of the Amended Complaint" (Pl.'s Opp. to Mot. to Dismiss Am. Compl. at 2), the PAC does not mention Viacom at all or assert any claims against it.  Moreover, Plaintiff cannot amend his pleadings through an opposition brief.  See Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."); O'Brien Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

As to "John Doe," however, Plaintiff merely asserts that John Doe provided Defendants with information which Defendants then incorporated into the program. (PAC § III, ¶ 4.) These allegations are conclusory and unsupported by any factual allegations. Accordingly, his motion in this regard is DENIED.

CONCLUSION

For the foregoing reasons, Defendants' respective motions to dismiss the original Complaint are GRANTED IN PART and DENIED IN PART. They are DENIED insofar as they are based upon arguments regarding improper service, the general release, and failure to state a claim for copyright infringement. However, they are GRANTED as to Plaintiff's state law claims, which are DISMISSED WITH PREJUDICE.

Plaintiff's motion to amend the Complaint is also GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiff's allegations regarding copyright infringement, but only insofar as such claims are timely. It is DENIED as to Plaintiff's amendments regarding state law claims and the additions of Black Hand Entertainment and John Doe. The Amended Complaint shall be the operative document, although it will govern only insofar as consistent with this Memorandum and Order.

Defendants' motion to dismiss the "Amended Complaint" is DENIED AS MOOT.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Amended Complaint and Amended Summons for service upon Defendants without prepayment of the fees. Furthermore, the Clerk of the Court is directed to mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      February __14__, 2014
            Central Islip, NY